COUNTY OF WORCESTER, OCTOBER TERM 1853,
AT WORCESTER.

PRESENT:

HON. LEMUEL SHAW, CHIEF JUSTICE.
HON. CHARLES A. DEWEY,
HON. THERON METCALF,
HON. BENJAMIN F. THOMAS,
HON. PLINY MERRICK,
⎱ JUSTICES.

ISSACHER J. ELLIOTT *vs.* MARVIN STONE.

Where fourteen days' notice is necessary to determine a tenancy, a notice to leave "forthwith," not specifying a day certain, and not stating any cause for giving the notice, is insufficient; although such notice is in fact served fourteen days before action brought.

A parol agreement by a tenant to pay rent quarterly, in advance, does not constitute such a conditional limitation of his estate, that an entry upon a quarter, without paying rent in advance, would determine the estate, and enable the landlord to sustain the landlord and tenant process under Rev. Sts. c. 104, without giving a valid notice to quit.

THIS was a process under Rev. Sts. *c.* 104, to recover possession of the premises described in the writ. At the trial in the

court of common pleas, the plaintiff gave evidence tending to show that the defendant occupied under a parol lease from January 1, 1850, with an agreement to pay rent in advance quarterly. The rent from April 1 to July 1, 1852, was paid in advance, but on the 1st of July, 1852, the defendant did not pay the rent from July to October, 1852, though demanded by the plaintiff, and on the 27th of July, 1852, the plaintiff gave the defendant a notice, of which the following is a copy: To Marvin Stone, of Webster, Sir: This is to give you notice to quit and leave the house and land of mine which you now occupy, forthwith, or I shall take legal measures to expel you therefrom. Issacher J. Elliott. Webster, July 27, 1852.

The writ was dated August 10th, 1852. Upon these facts, the defendant contended that this process would not lie; because money paid in advance for the occupation of premises was not rent, and this process applied only to cases of rent in arrear; and because it was prematurely commenced, the defendant not having had fourteen days' notice to quit; and because the notice to quit was insufficient, inasmuch as it required the defendant to quit forthwith, and did not specify the cause. *Merrick*, J., overruled all these objections; a verdict was found for the plaintiff, and the defendant excepted.

*D. Foster*, for the defendant. 1. This process was prematurely commenced, because the defendant was entitled to fourteen days' notice to quit; Rev. Sts. *c.* 60, § 26; and, in the computation, the day on which the notice is given, and the last day, must both be excluded. *Bigelow* v. *Willson*, 1 Pick. 485; *Wiggin* v. *Peters*, 1 Met. 128; 4 Cruise, Dig. Deed, ch. 5, § 17 and note.

2. The notice to quit was insufficient in form. *Oakes* v. *Munroe*, 8 Cush. 282; *Sanford* v. *Harvey*, 11 Cush. 93.

*G. F. Hoar*, for the plaintiff. The estate of the defendant was an estate so long as the rent should be paid in advance. The quarter's rent not having been paid in advance, it expired by its own limitation, and the defendant became liable to this process without notice to quit. Such an estate may be created by parol. *Munson* v. *Wray*, 7 Blackf. 403; *Messenger*

v. *Armstrong*, 1 T. R. 54; *Fifty Associates* v. *Howland*, 11 Met. 99; *Dorrell* v. *Johnson*, 17 Pick. 263; *Hollis* v. *Pool*, 3 Met. 350.

SHAW, C. J.   Were this a case where by statute, the plaintiff would have a right to give fourteen days' notice to quit, it is quite clear, we think, that the notice to quit forthwith, not fixing a day certain, and not specifying that it was in consequence of the non-payment of rent due, is an insufficient notice.   *Oakes* v. *Munroe*, 8 Cush. 282; *Sanford* v. *Harvey*, 11 Cush. 93.

There is no ground, we think, on which the argument of the plaintiff can be supported, namely, that here was a conditional limitation, that the tenancy was determined by the defendant by entering on a new quarter, without paying in advance, and no notice was necessary.   If a conditional limitation can be made in a parol lease, there is no evidence in this case of any such limitation.   The most that the plaintiff proposed to prove was, that the defendant occupied under a parol lease, from January 1, 1850, with an agreement to pay in advance quarterly.   There are no terms, expressing any condition; the most that can be implied is, that he took it on condition to pay quarterly in advance, that is, on a condition to be forfeited and become void, in case the rent should not be paid.   The distinction between a condition and a conditional limitation, is fully explained in the case of *Fifty Associates* v. *Howland*, 11 Met. 99.   In case of a simple condition, which, of course, is a condition subsequent, there can be no termination of the estate until entry, nor upon such entry, would this summary process lie.   And even by *St.* 1847, *c.* 267, made, we believe, in consequence of that decision, the right to enter for condition broken by non-payment of rent, and in case of a written lease, in order to have this summary process, is given only after fourteen days' notice. Whether upon a parol lease, with an agreement to pay rent in advance, which parol lease can have the force and effect of a tenancy at will only, Rev. Sts. *c.* 59, § 29, the agreement to pay rent in advance can be construed otherwise than as an executory agreement, creating, perhaps, a personal liability,

but not a rent reserved, and whether it would warrant a notice to quit in fourteen days, as in case of neglect or refusal to pay the rent due, on a lease at will, by Rev. Sts. *c.* 60, § 26 we give no opinion.

*Exceptions sustained; verdict set aside.*